■ In the Matter of the Claim of ELLEN B. ARONSON, Respondent. MONTEFIORE HOSPITAL AND MEDICAL CENTER, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal by the employer from a determination of the Unemployment Insurance Appeal Board, filed December 26, 1972, which affirmed the Referee's decision, overruling the initial determination of the Industrial Commissioner, and granted benefits to the claimant. Claimant, an occupational therapist, lived in Manhattan and worked at the Montefiore Hospital which is located in The Bronx. In late 1971 and early 1972, she experienced three unpleasant episodes on the subway while traveling to and from work and claimed to have been "jabbed" by an elbow, "kicked", and "smashed" on or about the face. The claimant resigned, claiming that the travel conditions were too hazardous, but continued to travel during the four weeks' notice she gave her employer. The board found that she was eligible for benefits because she did not leave her employment without good cause. Whether the actions of an employee, which bring about his discharge, constitute voluntary leaving of employment by provoking his discharge is a factual question and, as such, solely within the province of the board, so long as supported by substantial evidence (*Matter of Oxios* [*Catherwood*], 33 A D 2d 858). On the instant record we find no such evidence. While the incidents were surely uncomforting and disturbing, the record reveals that they were relatively minor in nature and closely akin to the experiences of the millions of subway travelers in this day and age, when a small percentage of our society seem to delight in harassing the majority and in displaying contempt for good manners and the principles of human decency. What constitutes substantial evidence is well set forth in *Matter of Paulsen* (*Catherwood*) (27 A D 2d 493) and cases cited therein. We do not find such evidence here.

Decision reversed, without costs. Greenblott, Main and Reynolds, JJ., concur; Staley, Jr., J. P., and Cooke, J., dissent and vote to affirm in the following memorandum by Cooke, J. Cooke, J. (dissenting). We dissent and vote to affirm. It has been consistently and emphatically held that what constitutes good cause for a claimant's voluntary separation from employment under· subdivision 1 of section 593 of the Labor Law is a factual question (e.g., *Matter of Sperling [Catherwood]*, 20 A D 2d 584, mot. for lv. to app. den. 14 N Y 2d 481), which, if supported by substantial evidence, is within the sole province of the board (e.g., *Matter of Kansky [Catherwood]*, 27 A D 2d 887) and not this court (cf. *Matter of Bradstreet [Higginson Corp. — Catherwood]*, 25 A D 2d 348, 350). Claimant lived in lower Manhattan and used a particular subway route to reach her place of employment in upper Bronx, the trip lasting about an hour. Within a period of five months: a young girl, while leaving and just before the train doors closed, jabbed claimant, who was seated, violently in the arm with an elbow; a young boy rubbed his hands on the side of a door to make them dirty and then smashed claimant in the face; and a girl knocked claimant while sitting, grabbed her earring, pinched it and pulled it down so as to almost go through the ear, and then kicked claimant in the back. One witness related that claimant was hysterical after the last incident; another, that claimant, who was a very easy going person, was very irritable and morose for two or three months before leaving her employment. The board found her to be an intelligent person. The Court of Appeals in *Matter of Buckley (Bethlehem Steel Corp.— Catherwood)* (31 N Y 2d 950) recently observed: " That apprehension of bodily. injury may constitute ' good cause' (Labor Law, § 593, subd. 1, par. [a]) is scarcely debatable ". With this in mind, it cannot be doubted but that there was substantial evidence on which the board could find that claimant " did not leave her employment without good cause."